Appellant, June C., filed this appeal from an August 28, 1997 judgment of the Lucas County Court of Common Pleas, Juvenile Division, that terminated her parental rights and awarded permanent custody of her son, Jeff C., to Lucas County Children Services ("LCCS"). Appellant has presented one assignment of error for consideration that reads:
 "I. The judgment of the trial court granting permanent custody of Jeffery C. to Lucas County Children Services was against the manifest weight of the evidence."
In support of her sole assignment of error, appellant argues that there was no clear and convincing evidence to support the findings of the trial court in this case. First, she says there was no evidence to support the trial court's finding that she lacked a commitment toward her son by failing to regularly support, visit or communicate with him. She says she showed commitment to her son by faithfully visiting with him.
Second, she says there is no clear and convincing evidence to support the finding that she was not willing to provide an adequate home for her son. She says the trial court based this ruling on evidence that suggested she was living with the child's father, who the court previously ruled was responsible for sexually abusing Jeff C.'s two sisters. She says the evidence did not rise to the level of clear and convincing because the testimony given by the caseworker was that to her knowledge appellant and Jeff's father were "together" at the time of the hearing. She says that testimony does not show they were living together by clear and convincing evidence. She argues: "It might be inferred that they are living together or it could mean that they are dating each other."
Third, she argues that there is no clear and convincing evidence to support the trial court's finding that she had not completed a literacy program as required by the case plan. She points to the testimony of the caseworker that the caseworker had no knowledge that she was attending or had completed a literacy program. The caseworker said: "She did indicate to me at one point in late spring of '96, that it was something that she had started on her own, however, I have no knowledge that she has completed." Appellant says: "This statement, while supporting that she has not completed the specific program set for in the case plan services, also suggests that she had been involved in such a program, may still be involved in the program or may even have completed the program."
Appellant argues in conclusion, that she substantially complied with the case plan. She argues that the ruling of the trial court is against the manifest weight of the evidence.
Pursuant to R.C. 2151.414(B) the trial court could grant permanent custody of Jeff to LCCS if the court found, by clear and convincing evidence, that (1) it is in the best interest of Jeff to grant permanent custody to LCCS and (2) Jeff cannot be placed with either of his parents within a reasonable time or should not be placed with his parents. R.C. 2151.414(E) states, in pertinent part:
 "If the court determines, by clear and convincing evidence * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
" * * *
 "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;"
The Supreme Court of Ohio has explained that "clear and convincing" is that level of evidence which is sufficient to establish in the mind of the trier of fact a "firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. Accordingly, we must review the record to see if it contains clear and convincing evidence to support the trial court's ruling in this case.
The record shows that Jeff C. and two female siblings were initially removed from appellant's home in October 1994. The children were all living with appellant and with Jeff's father. The female siblings had a different father. The female siblings accused Jeff's father of sexually molesting them.
In February 1995, the trial court filed a judgment entry in which it ruled Jeff was a dependent child. The girls were found to be abused. In December 1996, the court awarded permanent custody of the girls to LCCS. The court continued temporary custody of Jeff.
On February 13, 1997, LCCS filed a motion seeking permanent custody of Jeff. The guardian ad litem in the case filed a recommendation that LCCS be granted that motion.
A hearing was held on the motion. The caseworker from LCCS was the only witness at the hearing. She testified that Jeff had been placed in different foster homes because he had behavioral problems that made it difficult to find him a stable setting. At one point, a relative in Tennessee agreed to accept Jeff at his home, but he too found Jeff's behavior too difficult to endure and he returned Jeff to LCCS. Jeff was placed in a foster home that specialized in difficult children, and he was doing well there at the time of the hearing.
The caseworker testified that appellant was inconsistent in following through with her obligations under the case plan. The caseworker had to make repeated referrals to programs because appellant often failed to appear when a consultation was scheduled. She said appellant did finally comply with some of the requirements. For instance, appellant completed parenting classes and substance abuse education classes. She also testified that appellant did faithfully visit her son.
However, she testified that appellant did not complete sex abuse treatment, and to her knowledge, appellant did not complete literacy training. She said both these failures were significant. First, Jeff's father told the caseworker he was living with appellant again. If appellant failed to complete the sex abuse treatment and permitted the identified abuser of her children to move back in with her, appellant was not prepared to adequately protect Jeff from harm. Second, Jeff has learning difficulties and needs special education support. Appellant needed to address her own literacy problems so that she could support her son in his learning efforts.
The caseworker said that Jeff was bothered by the circumstances he found himself in, and he wanted permanency. She said he could have that permanency at the foster home where he was placed. She recommended that since two years had passed since Jeff's removal and since neither appellant nor Jeff's father appeared able to care for Jeff then or in the near future, LCCS should be given permanent custody of Jeff so he could be adopted.
After reviewing all of the above testimony, we find that the trial court did have clear and convincing evidence to support its ruling. The record shows LCCS did make reasonable diligent effort to reunify appellant with her child. LCCS made several services available to appellant. Though appellant did comply with some of the required services, she did not achieve sufficient progress to be able to substantially remedy the conditions causing the child to be placed outside the child's home. Furthermore, while she did regularly visit her son, her "other actions" of failing to complete sex abuse therapy, failing to complete literacy training, and of permitting Jeff's father to live with her in her home show she lacks commitment toward Jeff. Appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. -------------------------- JUDGE
Melvin L. Resnick, J. -------------------------- JUDGE
James R. Sherck, J. CONCUR. -------------------------- JUDGE